IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3175-FL

| ROBERT TIMOTHY CARRINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MICHAEL F. EASLEY, et al., | ) | |
| Defendants. | ) | |

On December 24, 2008, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (DE # 29). The matter is ripe for adjudication. For the reasons that follow, plaintiff's motion is granted in part.

## BACKGROUND

Plaintiff served defendant Jeremy Dancey, who is the only remaining defendant, with the summons and complaint on April 8, 2010. Accordingly, defendant's answer was due on April 29, 2010. Defendant failed to respond to plaintiff's complaint. Plaintiff has filed proof of service on defendant, and plaintiff now moves for default judgment against defendant.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the process for obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller, & Mary

Kay Kane, Federal Practice & Procedure § 2682 (3d ed.). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). After the clerk has entered default against a party, the plaintiff may then move the court for default judgment. Fed. R. Civ. P. 55(b). To warrant default judgment, plaintiff must prove the amount of damages due. See Stephenson v. El-Batrawi, 524 F.3d 907, 916 (8th Cir. 2008).

Here, plaintiff's motion is captioned as one seeking default judgment. As default has not been entered yet against defendant and default judgment in this posture is premature, the court construes plaintiff's motion as one for entry of default pursuant to Rule 55(a). To prevail on the motion for entry of default, plaintiff has to show proof of service. Plaintiff's affidavit of service, filed April 14, 2010, proves defendant was served. Thus, defendant is in default pursuant to Rule 55(a), and the clerk is directed to enter default against defendant. Entry of default judgment is premature at this time. Plaintiff is instructed that a motion for default judgment must be filed separately along with proof of damages.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted in part to the extent he seeks entry of default and denied in part as premature to the extent he seeks default judgment. (DE # 29.) The clerk is DIRECTED to enter default against defendant Jeremy Dancey.

SO ORDERED, this the 8 day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

2