IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3175-FL

| | | |
|---|---|---|
| ROBERT TIMOTHY CARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL F. EASLEY; BOYD BENNETT; THEODIS BECK; and JEREMY DANCEY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court upon plaintiff's second motion for default judgment (DE # 32). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 43) wherein he recommends that the court grant plaintiff's motion and award plaintiff nominal damages in the amount of one dollar. Plaintiff timely objected, and defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court sustains, in part, plaintiff's objection. Plaintiff's motion for default judgment will be granted, and the court awards plaintiff both nominal and punitive damages.

**STATEMENT OF THE CASE**

Plaintiff commenced this action under 42 U.S.C. § 1983 on December 24, 2008, naming then Governor Michael F. Easley ("Easley"), Director of Prisons Boyd Bennett ("Bennett"), and Secretary of Correction Theodis Beck ("Beck") as defendants. Plaintiff asserted that Easley, Bennett, and

Beck failed to protect him from an alleged sexual assault. The court dismissed plaintiff's claim against these defendants on frivolity review, directing plaintiff to particularize his complaint to allege a claim against the person who violated his constitutional rights. Plaintiff complied, alleging that defendant Jeremy Dancey ("Dancey") violated his rights pursuant to the Eighth Amendment to the United States Constitution by sexually assaulting him.[1]

Dancey was served with a summons and copy of the complaint on April 8, 2010, but failed to respond. Plaintiff then moved for default judgment. The court denied default judgment at that time, but directed the Clerk to enter default under Rule 55(a). The Clerk did so on July 15, 2010. Plaintiff made a second motion for default judgment on September 8, 2010. The motion was referred to a magistrate judge for an evidentiary hearing and M&R. On February 8, 2011, the magistrate judge issued his M&R.

## STATEMENT OF THE FACTS

The magistrate judge summarized the relevant facts, as developed at hearing and as set forth in affidavits submitted by plaintiff, plaintiff's counsel, and Chief Deputy Attorney General Grayson G. Kelley, as follows:

> Plaintiff was incarcerated at Tillery Correctional Institution in April and May of 2006. Defendant Jeremy Dancey, a former correctional officer at Tillery, approached Plaintiff while he was sitting on his bunk and informed him he would be strip-searched. Plaintiff followed Dancey to the staff lounge, but when they arrived, another officer was present and eating a meal. Dancey motioned for Plaintiff to go into the staff bathroom, where he ordered him to undress. Plaintiff removed all of his clothing except for his boxer shorts. Although Plaintiff had undergone strip searches at Tillery on several occasions, such searches had been conducted either with a group of other inmates or with more than one officer present. During previous strip searches, Plaintiff was instructed to shake his boxer shorts while wearing them,

---

[1] Plaintiff initially proceeded *pro se* in this action. In September 2009, North Carolina Prisoner Legal Services agreed to represent plaintiff.

squat, and cough. Thus Plaintiff kept his boxer shorts on when Dancey ordered the strip search. Dancey told Plaintiff to remove his boxer shorts. Plaintiff took off his boxer shorts and handed them to Dancey. As he did so, Dancey grabbed Plaintiff's penis with his hand and bent down. Dancey attempted to put his mouth on Plaintiff's penis, but Plaintiff pushed him away. Dancey placed his hand on Plaintiff's chest and pushed him against the wall. Plaintiff told Dancey to give him his clothes. He then dressed and left the staff lounge.

\* \* \* \*

Back at his bunk, Plaintiff was "shaking" and felt "furious and degraded." Although he feared reprisal from prison administrators, Plaintiff eventually reported the incident. Dancey refused to cooperate with the ensuing investigation and resigned his position at Tillery. According to an affidavit filed by the Chief Deputy Attorney General of North Carolina, Dancey was later arrested and charged with committing a sexual act against an inmate. No other information appears in the record regarding criminal prosecution of Dancey, however.

Following the incident, Plaintiff began to have nightmares, incidents of bed-wetting, anxiety attacks, and feelings of claustrophobia. As a child, Plaintiff was sexually molested by a cousin, and the feelings of betrayal and helplessness he experienced as a child resurfaced. At the hearing, Plaintiff requested nominal, compensatory, and punitive damages against Dancey in the amount of $100,000.

M&R at 2-3 (internal citations omitted).

The magistrate judge's factual findings accurately reflect the record in this case. Plaintiff objects only to the magistrate judge's decision to afford no weight to plaintiff's testimony that Dancey pushed him against the wall, lifted his fingers to plaintiff's lips to "shush" him, and said, "Now, that wasn't so bad was it?" The magistrate judge disregarded this testimony because it was raised for the first time at hearing and had not appeared in plaintiff's pleadings or affidavits. Although counsel stated at hearing that plaintiff had previously described this aspect of the story to her, her interview notes do not reflect this.

This particular testimony has no bearing on the court's analysis of the issues relevant to plaintiff's motion for default judgment. Additionally, on the court's own independent review of the

3

record, the court agrees that this particular statement is merely an attempt to "gild the lily," as the magistrate judge concluded. Although plaintiff's counsel states in her affidavit that she remembers plaintiff telling her that Dancey put his finger to plaintiff's lips to "shush" him, her interview notes do not corroborate this statement. Accordingly, the court adopts in full the factual findings of the magistrate judge.

## DISCUSSION

A. Standard of Review

Once default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure, Rule 55(b)(2) authorizes the court to enter default judgment against a properly served defendant who fails to file a timely responsive pleading. Upon default, the well-pleaded facts alleged in the complaint, as to liability, are deemed admitted. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, the court must consider whether the unchallenged facts support the relief sought. Id.

If the court determines that liability is established, it then must determine the appropriate amount of damages. Unlike allegations of fact, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). The court must make an independent determination regarding such allegations by, for example, conducting an evidentiary hearing or referring the matter to a magistrate judge to conduct such a hearing. Fed. R. Civ. P. 55(b)(2)(B).

4

Having referred the matter to a magistrate judge, the court must then review *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

The magistrate judge first concluded that Dancey violated plaintiff's Eighth Amendment rights by sexually assaulting him. He rightly noted that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries" under the Eighth Amendment. See Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). Consistent with jurisprudence of other courts within this Circuit, the magistrate judge stated that the alleged sexual contact must be incompatible with "contemporary standards of decency" and that the plaintiff must allege facts beyond merely his "own perceptions" to demonstrate "that the unwanted sexual touching had some sexual aspect to it." See Wolf v. Cooper, 2009 WL 2929438, at *3 (D.S.C. Sept. 2, 2009); Ellis v. Elder, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009). The magistrate judge concluded that plaintiff's evidence was sufficient to meet this burden, and that conclusion is not clearly erroneous.

The magistrate judge then concluded that plaintiff's claim was not barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA, as relevant here, states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id. § 1997e(e). Noting that plaintiff's claim seeks damages for mental and emotional suffering, the magistrate judge nevertheless concluded that a sexual assault qualifies as a "physical injury" under the PLRA. This holding comports with that of other courts to have addressed the issue. See, e.g, Kahle v. Leonard, 563 F.3d 736, 741-42 (8th Cir. 2009); Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999). The magistrate judge noted that, even absent a physical injury, sexual assault is an injury of "constitutional dimensions" as to which the PLRA does not bar recovery. See Jones v. Price, 696 F. Supp. 2d 618, 625 (N.D.W. Va. 2010). Once again, the court discerns no error in the magistrate judge's analysis.

Finally, the magistrate judge endeavored to calculate damages. Consistent with Supreme Court precedent, the magistrate judge viewed damages under § 1983 according to principles derived from the common law of torts, seeking to arrive at a figure that would compensate plaintiff's actual losses and, if necessary, deter and/or punish a malicious deprivation of plaintiff's rights. See Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 305-07 (1986). The magistrate judge correctly concluded that, absent proof of actual injury or compensatory damages, the court is limited to awarding plaintiff nominal damages in the amount of one dollar.[2] See Farrar v. Hobby, 506 U.S. 103, 112 (1992); Williams v. Griffin, 952 F.2d 820, 825 n.2 (4th Cir. 1991).

---

[2] Actual injury means "actual damages sustained." Doe v. Chao, 306 F.3d 170, 183 (4th Cir. 2002). Nominal damages, on the other hand, "are designed to vindicate legal rights 'without proof of actual injury.'" Id. at 181 (quoting Carey v. Piphus, 435 U.S. 247, 266 (1978)).

6

The magistrate judge concluded that plaintiff had not put forward enough evidence to establish actual damages, noting that plaintiff seeks damages for mental or emotional distress but submitted no affidavit stating that he had sought clinical, psychological, or other treatment. The magistrate judge also stated that he believed punitive damages were inappropriate where Dancey has resigned his position and has been subjected to criminal charges for the assault. As a result, the magistrate judge recommended only an award of one dollar in nominal damages. Plaintiff objects to this recommendation, arguing that he "provided evidence regarding the serious injury he suffered as a result of [Dancey's] assault on him" and that punitive damages were appropriate where Dancey's conduct was "repugnant to the conscience of mankind." Obj. [DE # 47] at 9.[3]

Contrary to plaintiff's argument in his objection, he has not provided sufficient evidentiary support to receive compensatory damages. Plaintiff testified that he has suffered mental and emotional distress in the form of nightmares, feelings of defenseless and anxiousness, panic attacks, and episodes of bed-wetting. But he has submitted no evidence of professional treatment, and no evidence as to the dollar value of such emotional injuries other than his opinion, offered at hearing, that $100,000.00 would compensate him. This testimony is too tenuous to support an award of compensatory damages, particularly in the amount sought by plaintiff. See Price v. City of Charlotte, 93 F.3d 1241, 1251 (4th Cir. 1996) ("[C]ourts scrupulously analyze an award of compensatory damages for a claim of emotional distress predicated exclusively on the plaintiff's testimony."); see also id. at 1254 (noting that, in determining the propriety and amount of compensatory damages,

---

[3] In his objections, plaintiff also cited a number of cases reiterating that a sexual assault is a compensable "physical injury" under the PLRA. As discussed above, the magistrate judge resolved this issue in plaintiff's favor. Plaintiff appears to confuse the "physical injury" requirement of the PLRA with the "actual injury" requirement of tort law. Mental anguish and suffering are compensable as part of a damages award for actual injury. See Memphis Cmty. Sch. Dist., 477 U.S. at 307. The question is merely whether plaintiff has put forward any proof of mental anguish and suffering.

7

courts look to factors such as loss of esteem, physical injury, psychological counseling, loss of income, the degree of distress, the context of the underlying events, corroborative evidence, the nexus between the challenged conduct and the distress, and mitigating circumstances).

The court must disagree, however, with the magistrate judge's recommendation not to award punitive damages. Punitive damages are available in an action under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Punitive damages are discretionary, and are awarded "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future." Id. at 54 (alterations omitted). Moreover, "punitive damages may be the only significant remedy available in some § 1983 actions where constitutional rights are maliciously violated but the victim cannot prove compensable injury." See Carlson v. Green, 446 U.S. 14, 22 n.9 (1980).

There is no question that Dancey's actions in leading plaintiff to a small bathroom, forcing him to strip naked, and then grabbing plaintiff's penis and attempting to perform fellatio on him, demonstrated a reckless and callous disregard to plaintiff's rights under the Constitution and federal law. Although such conduct is criminal under North Carolina law, an award of punitive damages will also punish Dancey for his outrageous conduct while deterring other correctional officers from similar conduct in the future. Accordingly, in its discretion, the court awards plaintiff punitive damages in the amount of five thousand dollars ($5,000.00).

## CONCLUSION

Upon *de novo* review of those portions of the M&R (DE # 43) to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such

8

Case 5:08-ct-03175-FL   Document 48   Filed 05/25/11   Page 8 of 9

objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge as modified above. The court GRANTS plaintiff's second motion for default judgment (DE # 32), and AWARDS plaintiff nominal damages in the amount of one dollar ($1.00) and punitive damages in the amount of five thousand dollars ($5,000.00). The Clerk is directed to enter judgment for plaintiff in these amounts.

SO ORDERED, this the 24th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge